## CITY OF ATLANTA, GA., v. NATIONAL BITUMINOUS COAL COMMISSION.

### No. 7116.

United States Court of Appeals for the District of Columbia.

Decided June 29, 1938.

Charles S. Rhyne, of Washington, D. C., and J. C. Murphy, of Atlanta, Ga., for petitioner.

Robert W. Knox, William H. Matthews, Jr., Milton Carr Ferguson, and Robert L. Stern, all of Washington, D. C., for respondent.

Before GRONER, Chief Justice, and STEPHENS, MILLER, EDGERTON, and VINSON, Associate Justices.

PER CURIAM.

On February 21, 1938, City of Atlanta, Georgia, filed a petition in this court pursuant to section 6 (b) of the Bituminous Coal Act of 1937 (15 U.S.C.A. § 836(b), seeking review and reversal of an order of the Commission denying City of Atlanta's motion to vacate price fixing orders of the Commission issued on November 30, 1937, and thereafter modified in some particulars not material here. The Commission moved to dismiss, and after the parties had filed amendments and supplemental pleadings we set the matter for argument on the single question whether or not the cause had become moot. It appears that on February 25, 1938, four days after the petition in this case was filed, the Commission sua sponte revoked the orders challenged by the City of Atlanta in its motions before the Commission, and on this ground the Commission contends the case is moot and moves us to dismiss the petition. We are of opinion the motion to dismiss should be granted. Our powers of review under the statute are necessarily limited by the existence of orders which may be the subject of attack, and since there are no orders we think there is nothing as to which our judgment on review could be effective. Some doubt was expressed by City of Atlanta that the orders of the Commission were revoked ab initio, and it was argued that the orders might be deemed by the Commission still to be effective for the period between their promulgation and their revocation—a period of some 72 days—in which event, and as to transactions occurring during that time, City of Atlanta might be prejudiced and aggrieved by the orders. We think these doubts

ill-founded. The Commission urges us to dismiss the petition on the ground that the cause is moot because the orders complained of have been revoked, and we take this statement to mean—as manifestly the Commission intended that we should—that the orders in question have been revoked in toto and from the beginning. Therefore, so far as our statutory powers of review are concerned, nothing is left upon which we may effectively act.

Petition dismissed.